UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
at COVINGTON

Civil Action No. 11-108-HRW

CHRIS LEE SMITH,                                                    PLAINTIFF,

v.                    **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE
COMMISSIONER OF SOCIAL SECURITY,                    DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed his current application for disability insurance benefits on September 1, 2005, alleging disability beginning on August 29, 2005, due to gastroparesis, hiatal hernia, acid reflux, enlarged prostrate, anxiety and depression (Tr. 109-110). This application was denied initially and on reconsideration. On

December 8, 2008, an administrative video hearing was conducted by Administrative Law Judge Traci Hixson (hereinafter "ALJ"). At the hearing, Linda Taber, a vocational expert (hereinafter "VE") testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On June 1, 2009, the ALJ issued his decision finding that Plaintiff was not

2

disabled (Tr. 16-26).

Plaintiff was 30 years old at the time of the hearing decision (Tr. 41). He has a 12th grade education (Tr. 110). His past relevant work experience consists of work as a cook, construction laborer, warehouse manager and warehouse processor (Tr. 115).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 18).

The ALJ then determined, at Step 2, that Plaintiff suffers from intermittent gastroparesis, gastroesophageal reflux disease, anxiety and depression, which he found to be "severe" within the meaning of the Regulations (Tr. 18).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 19-23).

The ALJ further found that Plaintiff could not return to his past relevant work (Tr. 24) but determined that he has the residual functional capacity ("RFC") to perform a range of light work (Tr. 23). Specifically, the ALJ found that Plaintiff

> can lift and carry twenty pounds occasionally and ten
> pounds frequently; he can sit and stand/walk for six
> hours each in an eight-hour workday with the option to

3

>  sit/stand every thirty minutes; he can occasionally climb, bend, and balance; he can never kneel or crawl; he must avoid concentrated exposure to full body vibrations and industrial hazards; he can perform simple, routine tasks with short instructions and simple work-related decisions with few workplace changes; and any contact with supervisors, the general public, or coworkers must be minimal.

(Tr. 23).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 24-25).

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on March 11, 2011 (Tr. 1-6).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment.

### III. ANALYSIS

#### A. Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such

4

relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

**B.    Plaintiff's Contentions on Appeal**

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ improperly evaluated Plaintiff's credibility and (2) the ALJ improperly relied upon the testimony of the VE.

**C.    Analysis of Contentions on Appeal**

Plaintiff's first claim of error is that the ALJ improperly evaluated

5

Plaintiff's credibility. Specifically, Plaintiff contends that the ALJ failed to comply with SSR 96-7p.

SSR 96-7p pertains to the analysis of a claimant's credibility. It sates that an ALJ may not simply set forth a conclusory statement regarding credibility, but, rather must explain the analysis. The Court having reviewed the hearing decision, as well as the record, finds that the ALJ did not run afoul SSR 96-7p. Indeed, it is clear that the ALJ's credibility finding is supported by substantial evidence.

It is well established that as the "ALJ has the opportunity to observe the demeanor of a witness, his conclusions with respect to credibility should not be discarded lightly and should be accorded deference." *Hardaway v. Secretary of Health and Human Services*, 823 F.2d 922, 928 (6th Cir. 1987). In this case, the ALJ found Plaintiff's allegations regarding the persistence and limiting effects of his impairments to be "less credible" (Tr. 24). Subjective claims of disabling pain must be supported by objective medical evidence. *Duncan v. Secretary of Health and Human Services*, 801 F.2d 847, 852-853 (6th Cir. 1986). Based upon the record, Plaintiff's subjective complaints do not pass *Duncan* muster. For example, there is no objective medical evidence which would support a finding of disabling symptoms. Further, the ALJ notes that the record is riddled with inconsistent statements by Plaintiff with regard to his drug use. This undermines

Plaintiff's overall credibility. Given the inconsistencies in the record, and the lack of supporting medical data, the Court finds no error in the ALJ's analysis of Plaintiff's credibility.

Plaintiff's second claim of error is that the ALJ improperly relied upon the testimony of the VE. At the hearing, the ALJ posed a hypothetical to the VE. The VE's response to the hypothetical provides substantial evidence in support of the ALJ's decision. The hypothetical posed complies with this circuit's long-standing rule that the hypothetical question is proper where it accurately describes a claimant's functional limitations. *Varley v. Secretary of Health and Human Services*, 820 F.2d 777, 779. (6th Cir. 1987). This rule is necessarily tempered by the requirement that the ALJ incorporate only those limitations which he or she finds to be credible. *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1235 (6th Cir. 1993). In this case, the hypotheticals posed accurately portray the RFC as formulated based upon the objective medical evidence. As such, the Court finds that the ALJ's RFC and findings based upon the VE's testimony are supported by substantial evidence in the record.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence

on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 23rd day of April, 2012.



Henry R. Wilhoit, Jr., Senior Judge